J-S85030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ALAN KUSHNER | |
| Appellant | No. 792 EDA 2016 |

Appeal from the PCRA Order February 10, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009814-2008

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 10, 2017**

Appellant, Alan Kushner, appeals from the February 10, 2016 order, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We adopt the PCRA court's statement of the facts of this case for purposes of this appeal. **See** PCRA Court Opinion (PCO), 5/18/16, at 1-7. On October 30, 2008, Appellant was arrested and charged with attempted murder, criminal solicitation to commit murder, and criminal conspiracy to commit murder[1] in connection with his attempts to hire another individual to kill his wife.

---

[1] 18 Pa.C.S. §§ 901, 902, and 903.

On July 20, 2009, Appellant was convicted of solicitation to commit murder and acquitted of attempted murder and conspiracy to commit murder. Appellant was sentenced to seven and one-half to twenty years of incarceration, and his judgment of sentence was affirmed on December 8, 2010. **See Commonwealth v. Kushner**, 23 A.3d 573 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Appellant timely filed a first PCRA petition on October 11, 2012. After multiple evidentiary hearings, the PCRA court dismissed the petition. This Court affirmed the PCRA court's order on October 6, 2015. **See Commonwealth v. Kushner**, 134 A.3d 91 (Pa. Super. 2015) (unpublished memorandum).

On October 30, 2015, Appellant filed a counseled petition for post-conviction relief based upon newly-discovered facts and a motion for expedited proceedings. Appellant claimed that as a result of information provided by his son, Appellant had been re-examined by a psychiatrist and diagnosed with Reactive Attachment Disorder (RAD). **See** PCRA petition at 1-5. Appellant argued that this information was so significant that it would compel a new trial or sentencing hearing. **Id.** Appellant also claimed that trial counsel was ineffective for failure to file a Bill of Particulars. **Id.** The Commonwealth filed a response in opposition. Appellant then filed, without leave of court, an amended petition raising additional issues and arguing

that the Commonwealth had committed a **Brady**[2] violation due to its alleged failure to disclose an agreement between the Philadelphia District Attorney's Office and the Montgomery County District Attorney's Office to try the case in Montgomery County. **See** Amended Motion, 12/3/15, at 1-2. Appellant argued that this "concealment" resulted in the case being prosecuted in an improper jurisdiction. **Id.**

On December 9, 2015, the PCRA court gave notice pursuant to Pa.R.Crim.P. 907 of dismissal. On December 29, 2015, Appellant filed "objections" to the Rule 907 notice and a motion for leave to amend his PCRA petition to specifically plead the newly-discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii), but did not request leave to amend the petition to add the additional claims raised in the "amended petition." On February 10, 2016, the PCRA court denied Appellant's motion to amend and formally dismissed the petition. Appellant filed a motion for reconsideration, which was denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Herein, Appellant raises three issues for our review.

> 1. Where Appellant alleged and proved new facts, which could not have been discovered in the exercise of due diligence, and met the new facts exception under 42 Pa.C.S. § 9545(b)(1)(ii),

---

[2] **Brady v. Maryland**, 83 S. Ct. 1194 (1963).

did the lower court err in dismissing the PCRA petition without a hearing?

2. Where Pennsylvania Rule of Criminal Procedure §905(a) [*sic*] permits amendments of PCRA petitions at any time, and directs that they should be freely allowed to achieve substantial justice, did the lower court abuse its discretion in not permitting Appellant to file an amended petition to achieve substantial justice?

3. Where jurisdiction can never be waived and the Court of Common Pleas did not have subject-matter jurisdiction to try this case, did the lower court err in denying this issue in the court below?

Appellant's Brief at 2 (unnecessary capitalization and emphasis omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. **See** PCRA Court Order, 12/9/15 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine

issues of material fact and denying relief without an evidentiary hearing."

**Springer**, 961 A.2d at 1264.

Initially, we address the timeliness of Appellant's petition. In order for a post-conviction petition to be timely under the PCRA, it must be filed within one year of the finality of the petitioner's judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(1); **see also Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa. Super. 2003). No court possess jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010). There are three exceptions to the PCRA's timeliness rule:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**See** 42 Pa.C.S. § 9545(b)(1). A petitioner has the burden of pleading and proving an exception to the time bar. **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2008). A petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim within 60 days of the date the claim could have been first presented. **See** 42 Pa.C.S. § 9545(b)(2). The petition must plead and prove that the

information relied upon could not have been obtained earlier despite the exercise of due diligence. **See *Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

Appellant's judgment of sentence became final for PCRA purposes on January 11, 2012.[3] He thus had until January 11, 2013, to timely file a petition seeking PCRA relief. Appellant's petition, filed October 30, 2015, was thus untimely. Although Appellant's petition did not spsecifically plead the newly-discovered facts exception to the time-bar, the arguments raised were sufficient for the PCRA court to treat Appellant's petition as an attempt to plead the newly-discovered facts exception. However, the court ultimately found that Appellant had not satisfied the exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii); PCO at 12-13.

In his first issue, Appellant claims that the court erred in concluding he did not satisfy the newly-discovered facts exception. Appellant argues that until Appellant's son spoke with counsel and asserted that Appellant suffered from "separation anxiety," leading to a re-examination, Appellant was unaware that he had been incorrectly diagnosed. ***See*** Appellant's Brief at 15-17.

The newly-discovered facts exception

---

[3] ***See Commonwealth v. Fahy***, 737 A.2d 214, 218 (Pa. 1999) (noting that Appellant's judgment of sentence becomes final upon the expiration of the ninety-day period for seeking appellate review to the United States Supreme Court.

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

The focus of the exception is on the newly discovered facts, not upon a newly discovered or newly willing source for previously known facts. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). With regard to mental health diagnoses, the discovery of new opinions uncovered after trial do not constitute new facts. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 787 (Pa. 2000). Specifically, the *Gamboa-Taylor* court noted that all facts regarding Appellant's mental state, if not known, were surely ascertainable by the exercise of due diligence prior to trial. *Id.*

Appellant's contention that his "separation anxiety" was unknowable to him prior to his reunion with his son is unavailing. Appellant litigated his mental state at trial, sentencing, on direct appeal, and during multiple evidentiary hearings in the course of his first PCRA petition. Appellant was examined by multiple experts over many separate evaluations in connection with these proceedings. None of these medical professionals over the course of many hours of examinations diagnosed Appellant with Reactive Attachment Disorder. In short, Appellant has not satisfied the newly-discovered facts exception. Instead, he attempts to again litigate the issue

of his mental health through a differing opinion. Accordingly, the PCRA court properly dismissed Appellant's petition without an evidentiary hearing. *Bennett*, 930 A.2d at 1272.

Next, Appellant claims that the PCRA court erred in denying his request to amend his PCRA, as such amendments should be liberally granted. *See* Appellant's Brief at 25.

The Pennsylvania Rules of Criminal Procedure reflect that a PCRA judge "may grant leave to amend ... a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); *see Commonwealth v. Williams*, 573 Pa. 613, 633, 828 A.2d 981, 993 (2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). A petitioner must seek and be granted leave to amend; amendments are not self-authorizing. *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014). Amendment is permitted solely by direction or leave of the PCRA court. *Id.*

In the instant case, the PCRA court properly denied Appellant's motion to amend, as amendment would have served no purpose. As discussed above, Appellant's contention that the new diagnosis satisfied the newly-discovered facts exception was not correct. The PCRA court properly reviewed Appellant's response to the Pa.R.Crim.P. 907 notice, determined that Appellant had not satisfied the exception, and additionally found that

the other issues raised were previously litigated.  PCO at 16.  Accordingly, there was no error in the court's denial of Appellant's motion.

Finally, Appellant claims that the PCRA court erred in denying his jurisdictional challenge on several grounds.  Appellant's Brief at 29-35.

To the extent Appellant attempts to argue that this petition should be cognizable as a writ of *habeas corpus*, the PCRA court properly treated it as an untimely PCRA.  Unless the PCRA does not provide for a potential remedy, it subsumes the writ of *habeas corpus*.  **Fahy**, **supra**, at 223-24.  Issues cognizable under the PCRA must be raised in a timely PCRA petition, not a *habeas* petition.  **See Commonwealth v. Peterkin**, 722 A.2d 638 (1998).  The PCRA specifically provides for jurisdictional challenges.  **See** 42 Pa.C.S. § 9543.  Thus, the claim is also untimely and does not satisfy an exception to the timeliness requirement.  **See** 42 Pa.C.S. § 9545.

Even if this claim was not raised in an untimely manner, it was previously litigated.  In his appeal from the 2014 order denying his first PCRA, Appellant claimed that trial counsel was ineffective for failure to raise a jurisdictional challenge.  **See Kushner**, 134 A.3d 91.  The PCRA court determined that the contention was meritless, and this Court affirmed: as the crime was to be committed in the marital home in Montgomery County, jurisdiction was proper in Montgomery County.  **Id.**  Further, the PCRA court found meritless Appellant's contention that trial counsel was not ineffective for failure to move for a dismissal of the charges due to an alleged ambiguity

in the Bill of Information. ***See Kushner***, 134 A.3d 91. Appellant's attempts to relitigate this argument in a different guise are unavailing. ***See***, ***e.g.***, ***Commonwealth v. Small***, 980 A.2d 549, 569 (Pa. 2009) (noting that whether an issue was previously litigated turns on whether that issue constitutes a discrete legal ground or merely an alternative theory in support of the same underlying issue raised on direct appeal); ***see also*** 42 Pa.C.S. § 9543(a)(3).

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief. ***See Ragan***, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017